UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CUDD PUMPING SERVICES, INC. | CIVIL ACTION NO. 11-cv-1913 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| COASTAL CHEMICAL CO., LLC et al | MAGISTRATE JUDGE MARK HORNSBY |

## MEMORANDUM ORDER

Before the Court is an Appeal of Magistrate Judge Decision [Record Document 25], filed by Plaintiff Cudd Pumping Services, Inc., as well as a Motion to Expedite Consideration thereof [Record Document 26]. For the reasons that follow, the Court hereby **GRANTS** the Appeal [Record Document 25] and **DENIES as moot** the Motion for Expedited Consideration [Record Document 26].

At issue in the instant appeal is a ruling made by Magistrate Judge Hornsby, in which he denied Plaintiff's request that it be allowed to present a new damage model. Included in Magistrate Judge Hornsby's stated reasons for so ruling are references to both the dilatory nature of Plaintiff's request and the age of the case, as well as an admonition against the parties' practice of working outside of the scheduling order deadlines without court approval. Although the Court now grants the appeal, allowing Plaintiff to present the new damage model, the Court nonetheless appreciates the sound reasoning of the Magistrate Judge and will echo his concerns in the reasons that follow.

In light of the instant motions, the Court precipitated a telephone status conference on January 7, 2014, during which the parties enlightened the Court as to the relevant facts and communicative history between the parties. It is readily apparent, from both the parties' filings as well as the arguments made during the telephone status conference, that the parties' prior efforts to operate under scheduling agreements made outside of the court-approved deadlines have proven unsuccessful. Therefore, the Court hereby **ORDERS** that any and all scheduling agreements and/or manipulation of deadlines undertaken by the parties shall be made a part of the record in this matter. The parties should understand this order to include **all** changes to the schedule, which relate to trial or pretrial proceedings, whether the parties are able to reach mutual agreement or not. Accordingly, as to those scheduling concerns for which the parties are able to reach an agreed-upon resolution, a joint filing shall be made, memorializing the intended effect of that resolution. The Court will not require extensive details but rather expects that the parties' final agreement will be clearly set forth in the joint filing. Of course, if the parties cannot agree on any given scheduling concern, the appropriate motion may be filed, as usual. The Court admonishes all counsel to recognize that this requirement is a direct response to the parties' historical failure to effectively communicate *and* then honor alleged agreements made without Court approval. This failure to follow through on previous "gentlemen's agreements" is a significant contributing factor to the situation in which the parties now find themselves, as noted in Magistrate Judge Hornsby's prior ruling [*See* Record Document 24].

Nonetheless, the Court finds that Plaintiff's counsel has alleged good cause, albeit dilatory, for the Court to allow the presentation of the new damage model and hereby **GRANTS** Plaintiff's appeal [Record Document 25] to that effect. The Court recognizes Magistrate Judge Hornsby's sound assessment of the factors weighing against such allowance; however, the Court finds that the ends of justice tip in favor of allowing Plaintiff to attempt to prove its case, if indeed it can legally be done. Although Plaintiff's counsel has argued that any such testimony would be presented as lay testimony under Federal Rule of Evidence 701, the Court is not satisfied that the testimony would so qualify.[1] That issue is not properly before the Court at this time; however, the Court finds that allowing this testimony without simultaneously extending the deadlines for both expert and dispositive motions would necessarily require a finding that this testimony does not require qualification as an expert. Any ruling to the contrary (i.e. allowing this testimony to qualify as lay testimony) would prejudice the Defendant both in its efforts to conduct pretrial proceedings, including regular motion practice, as well as its efforts to rebut any such testimony at trial. Again, the Court is not prepared to make such a finding at this time.

Therefore, because the Court hereby grants Plaintiff's appeal and related request to present a new damage model, the Court hereby **UPSETS** the current trial and pretrial conference dates. Further, the Court **SETS** a telephone status conference for

---

[1] Based on the representations of the parties made both in written briefs as well as oral arguments during the January 7, 2014 telephone status conference, the Court is inclined to find that any such testimony would require "specialized knowledge" and thus would require qualification as an expert under Rule 702. "[A] person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person." *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 929 (10th Cir. 2004)(quoting *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 460 (5th Cir. 1996)).

**Wednesday, January 22, 2014 at 2:00 p.m. CST.**, during which a new trial date will be selected and new deadlines set, consistent with the Court's findings herein. The Court's dedicated conference line will be used; the law clerk will disseminate call-in instructions to all parties via email.

Finally, the Court further **ORDERS** that Exhibit D, attached to Defendant's Response to the instant appeal and identified in the docket as Record Document 30-4, is hereby **STRICKEN from the record.** The Court finds wholly improper the Defendant's efforts to improperly place before the Court an unfiled motion for sanctions under FRCP Rule 11. The Defendant is warned that any further attempts to reference this unfiled motion, or otherwise bring it to the Court's attention without filing it, will not be tolerated.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 15th day of January, 2014.

Elizabeth Erny Foote
United States District Judge