UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CUDD PUMPING SERVICES, INC. | CIVIL ACTION NO. 11-cv-1913 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| COASTAL CHEMICAL CO., LLC et al | MAGISTRATE JUDGE MARK HORNSBY |

## ORDER

Before the Court is a Motion in Limine to Limit the Testimony of Coastal's Expert Michael E. Sawyer [Record Document 48], filed by Plaintiff Cudd Pumping Services Inc. ("Cudd"). Coastal Chemical Co., L.L.C. ("Coastal") filed a response [Record Document 61], and Cudd replied [Record Document 77]. In the instant motion, Cudd seeks to prohibit Sawyer from testifying regarding the following areas: (1) Cudd's safety practices, as set forth in Section 4 of Sawyer's report; (2) "character evidence" of Cudd; (3) Cudd's alleged negligence; (4) Cudd's alleged state of mind; (5) the contract between Chesapeake and Cudd; and (6) the Good Neighbor Guidelines of API Recommended Practice 75L, as it pertains to Cudd's alleged failure to conduct emergency planning. Through its reply, Coastal has agreed not to elicit expert testimony from Sawyer regarding Cudd's state of mind or any character evidence against Cudd, including whether Sawyer believes Cudd was a "bad actor."[1] Thus, the issues before the Court relate only to the remaining four areas: safety practices, Cudd's

---

[1] *See* Record Document 61, p. 4.

negligence, Cudd's contract with Chesapeake, and the Good Neighbor Guidelines.[2] For the reasons that follow, the motion [Record Document 48] is **GRANTED in part** and **DENIED in part**.

Cudd argues that Sawyer's testimony in the above-listed areas should be excluded as irrelevant, misleading and prejudicial. As to Sawyer's testimony on Cudd's safety practices, the Court **DENIES** the instant motion, with leave to re-urge at trial. As explained in Coastal's opposition, much of this proposed testimony would serve to refute the criticisms of Coastal's actions, as set forth in the expert report of William Morris. The Court previously denied Coastal's motion in limine, seeking to exclude the testimony of William Morris, with leave to re-urge its motion at trial.[3] For similar reasons to those enunciated during oral argument held on July 10, 2014, the Court finds that it is premature to rule on the relevancy of Sawyer's testimony regarding Cudd's safety practices.[4]

As to Cudd's contract with Chesapeake, all parties appear to agree that Sawyer cannot, nor will he attempt to, offer any opinion regarding the legal interpretation or

---

[2] Although Cudd argues that Coastal has conceded Cudd's alleged negligence as well, the Court disagrees. Coastal properly included Cudd's comparative fault and/or negligence in its affirmative defenses and will not be improperly limited in its efforts to prove comparative negligence. *See* Record Document 5, ¶ 16 (Answer); *see also* Record Document 61-1, p. 11 (Exh. B to Coastal's Opposition). Of course, it is well-established that experts may not offer legal conclusions. *See Askanase v. Fatjo,* 130 F.3d 657 (5th Cir. 1997). However, under Rule 704(a), "[a]n opinion is not objectionable just because it embraces an ultimate issue." The Court remains quite cognizant of these rules.

[3] *See* Record Document 122, pp. 254-256.

[4] *Id.* at p. 256 (In reference to the denial of the motion seeking to exclude the testimony of William Morris, the Court explained that "...we will need to take this up again at trial, because I don't know enough about the facts of this case yet and the evidence that will be produced at trial, to know truly whether [the testimony will] have relevance for the jury. And by 'relevance,' what I'm saying is whether or not there is a causal relationship between the violation of these duties to the alleged tort.")

effect of the Master Service Agreement between Cudd and Chesapeake. The Court agrees that Sawyer may not testify regarding issues of contractual interpretation, nor will Sawyer be permitted to offer any legal conclusions in general. *See Askanase v. Fatjo*, 130 F.3d 657 (5th Cir. 1997); *Estate of Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir. 1999). If the Master Service Agreement between Cudd and Chesapeake is offered into evidence through another competent witness, the contract will speak for itself as the best evidence of its contents. Accordingly, insofar as the instant motion seeks to limit the testimony of Sawyer regarding that contract, or any legal interpretation thereof, the motion is **GRANTED**.

Finally, as to the Good Neighbor Guidelines of API Recommended Practices 75L and Cudd's alleged failure to conduct emergency planning, Cudd claims that the guideline is "too amorphous and vague to form a basis for any expert opinion" and should be excluded as irrelevant and misleading.[5] Cudd further argues that the guideline, on its face, suggests that it is not intended to prohibit the use of other safety practices but should instead be considered merely as guidance. The Court is not persuaded by Cudd's arguments and finds that they should more properly be offered in the context of cross-examination to be weighed by the fact-finder at trial. As such, insofar as the instant motion seeks to limit Sawyer's testimony regarding the Good Neighbor Guidelines, the motion is **DENIED**.

---

[5] Record Document 48-1, p. 14.

As previously referenced,[6] in determining the admissibility of expert testimony, the Fifth Circuit has cautioned that a district court must defer to "the jury's role as the proper arbiter of disputes between conflicting opinions." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)). Therefore, upon due consideration, the instant motion [Record Document 48], is hereby **GRANTED in part** and **DENIED in part**, consistent with the reasons set forth herein.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 24th day of September, 2014.

_____
Elizabeth Erny Foote
United States District Judge

---

[6] *See* Record Document 124.