UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **CUDD PUMPING SERVICES, INC.** | **CIVIL ACTION NO. 11-1913** |
| **VERSUS** | **JUDGE ELIZABETH FOOTE** |
| **COASTAL CHEMICAL CO., LLC, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM ORDER

Before the Court is a Motion in Limine filed by the Defendant, Coastal Chemical Company, LLC, to preclude the testimony of Daniel J. Kruse ("Kruse"), an expert appraiser for the Plaintiff, Cudd Pumping Services, Inc. Record Document 129. According to the Defendant, Kruse has refused to provide previous appraisal data that the Defendant claims Kruse relied upon in determining the value of the hydraulic fracturing equipment ("fracking equipment") that forms the basis of the present litigation. Id. As such, the Defendant moves to preclude any testimony by Kruse that references any of this historic appraisal data ("historic data") that he used to verify his present appraisal values. Id.

The Defendant argues that during a deposition Kruse identified a number of sources that he relied upon in forming his appraisal values for the fracking equipment at issue, including an "appraisal customer list" with information on previous appraisals from the last twelve to fourteen years. Record Document 129-1, p.2. During the deposition, a discussion ensued as to whether the Defendant was entitled to that historic data or not, given confidentiality and proprietary issues claimed by Kruse. Id., Exh. C, pp. 55-56.

This historic data was never turned over to the Defendant, even after continued requests. See id., Exh. C-F. There cannot be a substantial justification for such a refusal based on confidentiality, the Defendant alleges, because it offered to receive the information in a redacted form. Id., at p.4.

Specifically, the Defendant claims that it will be highly prejudiced by the testimony regarding the historic data and that the data should be precluded under Rules 26 and 37 of the Federal Rules of Civil Procedure. Id., at pp.3-4. Because the historic data is relevant and Kruse has not disclosed it, which means the Defendant cannot cross-examine Kruse on its contents, the Defendant seeks a remedy under Rule 37 that precludes Kruse from testifying regarding this data, including any reference to it that bolsters his testimony. Id.[1]

In opposition, the Plaintiff argues that Kruse merely used the historic data in question to "verify" the information and appraisal values he obtained by analyzing other sources, including manufacturer information. Record Document 132, pp. 2-3. The Plaintiff counters with the fact that even the Defendant's expert, who is retained to critique Kruse, but not to offer an opinion on the value of the equipment, believes that such a database of historic data would be confidential and that keeping it confidential would be a high priority. Id., at pp. 3-5. Most importantly, the Plaintiff states that the unwillingness of Kruse to produce this information on confidentiality grounds is both "substantially justified and harmless under" Rule 37(c)(1). Id., at p.5. The Plaintiff does

---

[1] In its Reply, the Defendant reiterates its request that Kruse be precluded from testifying at trial as to the fact that he relied or reviewed the historic data in question. Record Document 136, p.2. Moreover, the Defendant explains any issue as to its expert believing that such information is confidential and should not be disclosed is irrelevant. Id.

not anticipate any testimony on the values of the other appraisals from the historic data in question, and at most, Kruse will testify that he "verified" that the replacement costs from the manufacturer were similar to those of previous confidential appraisals. Id.[2]

Under Rule 37(c)(1), if a party fails to disclose or supplement information required by Rule 26(a) or (e), that party will not be allowed to use that information to supply evidence at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). When there is a failure of disclosure by a party, a court has a variety of sanctions and remedies available. Id.

The question for the Court is whether Kruse's consideration of his historic data meets the requirement found in Rule 26(a)(2)(B)(ii), and if so, whether the failure to disclose that data was either harmless or substantially justified under Rule 37(c)(1). Much of the jurisprudence surrounding issues of disclosure pursuant to Rule 26(a)(2)(B) relates to issues of confidentiality, the work-product doctrine, and material provided to a testifying expert by counsel. See, e.g., TV-3, Inc. v. Royal Ins. Co., 194 F.R.D. 585, 587-88 (S.D. Miss. 2000) (discussing the application of Rule 26(a)(2)(B) as it relates to material that might otherwise be protected under the work-product doctrine in a variety of cases). Although not exactly on point, this case law is enlightening to the extent that it provides context to the breadth of disclosure necessary for "the facts and data considered by the witness in forming" an expert opinion. Fed. R. Civ. P. 26(a)(2)(B)(ii). The Advisory Committee Notes for the 2010 Amendment to this section of Rule 26

---

[2] The Plaintiff states that if the Court is willing to grant the relief sought by the Defendant, the Court should bar all mention of such historic data, so it cannot be used in favor of or against the Plaintiff. Record Document 132, p.5.

explain that while excluding disclosure of the theories and mental impressions of counsel is permitted, "the intention is that 'facts and data' be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data '<u>considered</u>' by the expert in forming the opinions to be expressed, <u>not only those relied upon by the expert</u>." <u>Id.</u> (emphasis added).

In <u>Deal v. Louisiana ex rel. Dep't of Justice</u>, No. 11-cv-743, 2013 WL 4546772 (M.D. La. Aug. 28, 2013), the plaintiff failed to disclose to the defendant financial documents that were provided to the plaintiff's expert, despite the defendant's attempts to obtain such information, even though the plaintiff's expert testified at his deposition that he used those documents to verify other information. <u>Id.</u> at *5-6. Though that plaintiff and expert claimed not to have relied upon that financial information, the court found those grounds insufficient to protect such information and required disclosure to the defendant. <u>Id.</u> The court in <u>Deal</u> noted, however, that the plaintiff and expert had no duty to furnish any financial documents that were not "considered" by the expert, as they fall outside the scope of Rule 26(a)(2)(B). <u>Id.</u>; <u>see also</u> <u>Sandifer v. Hoyt Archery, Inc.</u>, No. 12-cv-322, 2014 WL 3540812, at *2 (W.D. La. July 17, 2014). The court in <u>Sandifer</u> similarly explained that a testifying expert's previous report that was unrelated to the litigation at issue, which the expert reviewed in forming his opinion, should have been disclosed under Rule 26(a)(2)(B) had that expert not withdrawn from the case. 2014 WL 3540812, at *2-3. It was only because the original expert withdrew and the party's new expert had neither reviewed nor considered this previous report that it was not discoverable. <u>Id.</u> & n.3 (advising the parties that in the event the new expert is provided

the previously created report at issue, "Rule 26(a)(2)(B) would mandate its disclosure").

Here, like the financial information in Deal, the historic data used by Kruse to "verify" his appraisal values for the fracking equipment in this case is subject to the disclosure requirements found in Rule 26(a)(2)(B). See Deal, 2013 WL 4546772, at *5-6. Even though Kruse may not have relied upon the historic data when forming his opinions, as a testifying expert, this data is information that he "considered" for purposes of Rule 26(a)(2)(B) when he used it to "verify" that the replacement costs were in line with his previous appraisals. See Record Document 132, p.5. The fact that the historic data is considered confidential by Kruse and not contained in his report is irrelevant for these disclosure purposes. Although this information was collected and analyzed for purposes of previous appraisals, it must be provided to the Defendant once Kruse considered it in forming his opinion, even if redacted. It does not contain any of the mental impressions or theories of counsel that might otherwise protect it from disclosure, as the Advisory Committee Notes indicate. See Fed. R. Civ. P. 26(a)(2)(B).

However, the Plaintiff argues that Kruse's failure to provide this material is both substantially justified and harmless under Rule 37(c)(1). Record Document 132, p. 5. Kruse will not testify to the actual values associated with the similar equipment from his prior historic data; instead, he will only testify that he "simply verified that the replacement costs he obtained from a manufacturer were in line with the information in his previous confidential appraisals." Id. The historic data in question contains confidential customer information, and without comparable sales to review, Kruse was required to use a "cost method" to determine the fair market value of the equipment. Id., at pp. 2-3. It was after obtaining the replacement costs with this "cost method" that he

then "verified" that information using his historic data. Id.

The Court is not persuaded by these rationalizations enough to excuse the failure to disclose this material. See Fed. R. Civ. P. 37(c)(1). The facts presented in the parties' motions and the excerpts of Kruse's deposition provided to the Court demonstrate that even on the most basic level, Kruse considered this prior historic data, even if it was only for verification purposes. The argument that the information is unrelated to the instant case is of no matter, because it was data used in confirming his opinion on the appraisals conducted for the Plaintiff. Nevertheless, the Court is satisfied that Kruse's opinion is based on factors other than his historic database, including his years of experience and appraisals of similar equipment. As a result, rather than compelling production of this proprietary information, the Court **GRANTS in part** the Defendant's requested relief and prohibits Kruse from making reference to his verification of his appraisal values through the historic data in question. The Court also agrees with the Plaintiff: because Kruse is precluded from making reference to this historic data, the Defendant is precluded from using it in its favor against the Plaintiff, especially by submitting testimony or arguments suggesting Kruse's opinion is deficient or unreliable for not reviewing previous appraisals.

Finally, with respect to this Motion in Limine [Record Document 129], the Court hereby **DENIES in part** the Defendant's Motion for Telephonic Oral Argument. [Record Document 130].

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 20th day of November, 2014.

                                              ELIZABETH ERNY FOOTE
                                              UNITED STATES DISTRICT JUDGE